IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

In Re:        Joyce Marie Nelson              Case:   4:16-bk-12693 J
                                              Chapter 7

## MOTION FOR RELIEF FROM STAY

**Santander Consumer USA, Inc., servicer for Sovereign Bank an assignee of GEMB** ("Creditor"), by its attorney, states:

1. Creditor has a claim against the debtor secured by the following property as shown by the attached exhibits:

**2003 Excursion 38U, VIN 4UZAAHAK52CK59791**

2. Creditor's interest in the property is not adequately protected. The property is depreciating faster than payments are being received. The contract payments are past due since February 2016. The debtor has not redeemed the property or reaffirmed the debt. The property may not be insured. The vehicle is not necessary for an effective reorganization because this case is a case filed under Chapter 7. There is no equity in the vehicle since the Creditor's claim is $103,716.70 and the NADA value is $48,850.00.

WHEREFORE, creditor prays for relief from the stay effective immediately upon entry of the order granting relief, alternatively for adequate protection, and for all proper relief.

                                              s/Heather Buchberger
                                              Heather Buchberger
                                              OBA 22509; AR FED BAR 22509
                                              3810 N Peniel
                                              Bethany, OK 73008
                                              (405)787-9950
                                              (405)789-0516 FAX
                                              Attorney for Santander Consumer USA, Inc.,
                                              servicer for Sovereign Bank an assignee of GEMB

## CERTIFICATE OF SERVICE

I certify that on June 24, 2016, a copy of the foregoing Motion was served by CM/ECF notice to the following:

M. Randy Rice, Trustee, 523 S. Louisianna, Ste. 300, Little Rock, AR  72201-5771
Jason L. Kennedy, attorney for Debtor, 501 W. Main St., Jacksonville, AR  72076

I further certify that on the same date, the foregoing Motion was served by regular U.S. mail with proper postage to the following:

Joyce Marie Nelson, Debtor, 20 Oakwood Dr., Cabot, AR  72023-3925

                                              s/Heather Buchberger

G:\BK16\N\Nelson, J MFR.wpd

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT No. | Seller Moix Recreational Vehicles<br>12903 I-30<br>Little Rock AR 72209<br>"We" and "us" mean the Seller above, its successors and assigns. | Buyer Jerry R. Nelson<br>Joyce M. Nelson<br>20 Oakwood<br>Cabot, AR 72023<br>"You" and "your" mean each Buyer above, and guarantor, jointly and individually. |
|---|---|---|

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Recreational or Motor Vehicle (Vehicle or Motor Vehicle) and services described below.

| Description of Motor Vehicle Purchased | Year 2003<br>Make Excursion<br>Model 38U | VIN 4U2AAHAK52CK59791<br>Lic. No./Year<br>☐ New ☒ Used | Other: |
|---|---|---|---|

Description of Trade-In: 2004 Dodge 3500 SLT Diesel Truck 307MA48C94G272509
2005 Cedar Creek 30RLBS F.W. 4X4FCRF245P190795

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle and all accessions to the Vehicle, together called Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 149,193.00 , plus finance charges accruing on the unpaid balance at the rate of 7.00 % per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☐ **DOCUMENTARY FEE:** You agree to pay a documentary fee of $ N/A .

A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATING TO THE CLOSING OF A SALE. THIS NOTICE IS REQUIRED BY LAW.

☐ **PREPAYMENT PENALTY:** Upon voluntary prepayment in full, or acceleration after default, we will charge and you agree to pay a prepayment penalty in the amount of $ N/A .

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 4400.00 |
|---|---|---|---|---|
| 7.00 % | $ 128412.60 | $ 149,193.00 | $ 277605.60 | $ 282005.60 |

**Payment Schedule:** Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due Monthly Beginning |
|---|---|---|
| 240 | 1156.69 | Monthly beginning February 13, 2006 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
**Late Charge:** If a payment is more than 10 days late, you will be charged a late charge of 5% of the payment due.

**Prepayment:** If you pay off this Contract early, you ☐ may ☒ will not have to pay a penalty.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured ____
☐ Single ☐ Joint Prem. $ N/A Term ____
Credit Disability: Insured ____
☐ Single ☐ Joint Prem. $ N/A Term ____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

X _____ d/o/b _____ d/o/b
Buyer                                 Buyer

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for ____ of coverage.

This premium is calculated as follows:
☐ $____ Deductible, Collision Coverage $ N/A
☐ $____ Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A

☒ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover
Platinum 4 year 48,000 miles .
This Service Contract will be in effect for 4 years .

**ASSIGNMENT:** By signing below, the Seller/Creditor accepts this Contract and for value received transfers and assigns all of its right, title, and interest in this Contract and the Property to Assignee selected below. This transfer is made subject to and is subject to a separate Agreement between Seller and Assignee by which Assignee has agreed to accept the transfer and assignment of contracts from Seller.
ASSIGNEE:
☐ GE Money Bank, c/o 332 Minnesota Street, St. Paul, MN 55101;

☒ GEMB Lending Inc., c/o 3353 Michelson Dr., Second Floor, Irvine, CA 92612;

Tony L McMunn
Moix RV Finance Manager

**ITEMIZATION OF AMOUNT FINANCED**
Vehicle Price (incl. sales tax of $ 4400.00 ) $ 163,400.00
Service Contract, Paid to: Protective  $ 4239.00
                                                    Cash Price $ 167639.00
Manufacturer's Rebate $ 0
Cash Down Payment $ 0
Deferred Down Payment $ 0
 a. Total Cash/Rebate Down  $ 0
 b. Trade-In Allowance $ 86,500.00
 c. Less: Amount owing $ 68,054.00
    Paid to (includes f.): Chrysler, US Bank
 d. Net Trade-In (b. minus c.) $ 18,446.00
 e. Net Cash/Trade-In (a. plus d.) $ 18,446.00
 f. Amount to Finance line e. (if e. is negative)  $ 0
Down Payment (e.; disclose as $0 if negative) $ 18,446.00
   Unpaid Balance of Cash Price $ 149,193.00
Paid to Public Officials - Filing Fees  $ 0
Insurance Premiums*  $ 0
Documentary Fee, Paid to Seller  $ 0
To: ____  $ 0
To: ____  $ 0
To: ____  $ 0
Total Other Charges/Amounts Pd. to Others $ 0
   Less: Prepaid Finance Charges $ 0
   Amount Financed $ 149,193.00
*We may retain or receive a portion of this amount.

**ABOUT YOUR ANNUAL PERCENTAGE RATE OF FINANCE CHARGE:**
The Seller may set the Annual Percentage Rate. You and the Seller may negotiate the Annual Percentage Rate. The Seller may retain the right to receive a portion of the Finance Charge if the Seller assigns this Contract.

**NOTICE TO BUYER**
(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer:
X Jerry R. Nelson                              1-13-06
Signature                                              Date

X Joyce M. Nelson                            1-13-06
Signature                                              Date

ARKANSAS RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT                                              (page 1 of 2)
Expere © 1995, 1996 Bankers Systems, Inc., St. Cloud, MN                       MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that we (or our affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that you buy through us or our affiliate.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
B. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
C. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
D. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.
E. You will pay all taxes and assessments on the Property as they become due.
F. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
A. You fail to perform any obligation that you have undertaken in this Contract.
B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, reasonable attorneys' fees, and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:
A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**INSURANCE: You are giving a security interest in property to secure this Contract. You must keep this property insured against loss, expense or damage due to fire, theft, collision or other such risks in the amounts we require. If you fail to do so, we are authorized to purchase insurance to protect our interest in the property, and may add the premium to the amount you owe us.**

You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance, and in the event of default, we may apply any refund to the unpaid balance.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
A. You must pay this Contract even if someone else has also signed it.
B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

---

**ARBITRATION. Please read this carefully.** Subject to the exceptions discussed below, any legal dispute or claim of any kind that relates in any way to your credit application, this Contract or your relationship with us or any assignee of this Contract will be resolved by binding arbitration if either you or we elect to arbitrate. The following describes the arbitration procedure, and its implications:

- If either of us elects to arbitrate, you or we must notify the other parties. You must do this by sending notice to *Legal Operations, 332 Minnesota St., Suite 600, St. Paul, MN 55101.* Notice can be given after a lawsuit has been filed, in which case it can be made in papers in the lawsuit.
- The person who starts the arbitration proceeding must choose an administrator, which can be either the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405 or the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, The actual arbitrator will be selected under the administrator's rules, and must be a lawyer with at least ten years of experience.
- The arbitrator must follow the applicable law as if this matter had been brought in court as long as it is consistent with the Federal Arbitration Act, 9 U.S.C. §§1 *et seq* ("FAA"), this arbitration provision and the Administrator's rules. The arbitrator is authorized to award any and all remedies that would apply if the action were in a court (including, without limitation, punitive damages, which shall be governed by the constitutional standards employed by the U.S. Supreme Court).
- The arbitration will take place in a location reasonably convenient to you. If you ask us, we will pay all filing, administrative, hearing and/or other fees the Administrator or arbitrator charges up to $2,500. If the cost is higher, you can ask us to pay more and we will consider your request in good faith. Under all circumstances we will pay all amounts we are required to pay under applicable law.
- These terms involve interstate commerce and this arbitration provision is governed by the FAA.
- A court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except for: (1) any appeal right under the FAA; and (2) any party may appeal decisions relating to claims of more than $100,000 to a three-arbitrator panel appointed by the Administrator, which will reconsider any aspect of the appealed award. If you appeal, we will consider in good faith a request by you for us to pay any or all additional fees imposed by the Administrator or arbitrator.

**IMPORTANT LIMITATIONS AND RESTRICTIONS:** If a claim goes to arbitration, neither you nor we will have the right to: (1) have a court or a jury decide the claim; (2) engage in discovery (i.e., the right to obtain information from the other party) to the same extent that you or we could in court; (3) participate in a class action in court or in arbitration, either as a class representative or a class member; (4) act as a private attorney general in court or in arbitration; or (5) join or consolidate your claim(s) with claims of any other person. The right to appeal is more limited in arbitration than in court. Other rights that you would have if you went to court may also not be available in arbitration. Only a court may determine the validity and effect of the parts 3, 4 and 5 of this paragraph. If a court should hold such part(s) to be invalid, then the entire provision shall be null and void. However, this will not limit the right to appeal such holding.

**Exceptions to this Provision:** This provision is subject to two exceptions: (1) certain claims are excluded, and (2) you may reject this provision in its entirety in which case no claims are subject to arbitration.

**Claims Not Subject to Arbitration:** The following claims are excluded from this provision: (1) claims brought in a small claims court or its equivalent, unless that claim is transferred, removed, or appealed to a different court; and (2) claims seeking to enforce our security interest in the Property secured by this Contract. The institution and maintenance of any action in court shall not constitute a waiver of the right of any party to compel arbitration regarding any other claim subject to arbitration, including the filing of a counterclaim in a suit brought by us.

**Right to Reject Arbitration: You may reject this arbitration provision, in which event neither you nor we will have the right to require arbitration.** Rejection will not affect any other aspect of these terms. To reject the arbitration provision, you must send us a notice that we receive within 60 days after you opened your account. The notice must include your name, address, and account number and be mailed to Arbitration Opt Out, P.O. Box 981429, El Paso, TX 79998-1429. In the event of any dispute concerning whether you have provided a timely notice, you must provide a signed receipt. This is the only method you can use to reject the arbitration provision. If the notice is sent on your behalf by a third party, such third party must include evidence of his or her authority to submit the notice on your behalf.

# CERTIFICATE OF TITLE

## STATE OF ARKANSAS

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MOD | BODY | PREVIOUS TITLE NUMBER | TITLE NUMBER |
|---|---|---|---|---|---|---|
| 4UZAAHAK52CK59791 | 03 | EXCU | XMH | MH | | |

| REMARKS | ODOMETER | ISSUE DATE | UNLADEN WEIGHT |
|---|---|---|---|
| OD EXEMPT | | 03/13/2006 | 4501 |

MAILING ADDRESS

GEMB LENDING INC
P O BOX 57082
IRVINE    CA 92619

OWNER
NELSON, JERRY R   OR JOYCE M
20 OAKWOOD
CABOT            AR 72023

OWNER'S SIGNATURE (IF JOINT OWNERSHIP, BOTH MUST SIGN)
THIS TITLE MUST BE SIGNED UPON RECEIPT BY OWNERS

| FIRST LIENHOLDER | GEMB LENDING INC<br>P O BOX 57082<br>IRVINE          CA 92619<br>DATE OF LIEN  01/13/2006 | FIRST RELEASE | INTEREST IN THE ABOVE DESCRIBED VEHICLE IS HEREBY RELEASED<br>BY_____<br>TITLE           DATE |
| SECOND LIENHOLDER | | SECOND RELEASE | INTEREST IN THE ABOVE DESCRIBED VEHICLE IS HEREBY RELEASED<br>BY_____<br>TITLE           DATE |

The Department of Finance and Administration, State of Arkansas, hereby certifies that applicant named hereon is duly registered as the owner of the vehicle described above. From the statements of the owner and the records on file with this department the hereon described vehicle is subject to the liens enumerated hereon

In Witness Whereof, I have affixed my hand and seal.

VOID IF ALTERED



# NADAguides Price Report

6/22/2016

# 2003 Excursion M-38U (330hp)

## Values

|  | Suggested List Price | Low Retail | Average Retail |
|---|---|---|---|
| Base Price | $181,090 | $40,550 | $48,850 |
| Options: (add) |  |  |  |
| **TOTAL PRICE:** | $181,090 | $40,550 | $48,850 |

**Value Explanations**

Prices shown are retail consumer values and to be considered as selling prices. Trade-in values are to be determined by local dealers and are generally lower than values shown.

**Suggested List** — The value listed reflects the approximate price of the unit when it is brand new. The prices listed are furnished by the manufacturer and are assumed to be correct. The list price does not include freight charges.

**Low Retail Value** — A low retail unit may have extensive wear and tear. Body parts may have dents and blemishes. The buyer can expect to invest in cosmetic and/or mechanical work. This vehicle should be in safe running order. Low retail vehicles usually are not found on dealer lots. **Low retail is not a trade-in value.**

**Average Retail Value** — An average retail vehicle should be clean and without glaring defects. Tires and glass should be in good condition. The paint should match and have a good finish. The interior should have wear in relation to the age of the vehicle. Carpet and seat upholstery should be clean, and all power options should work. The mileage should be within the acceptable range for the model year.

An Average Retail vehicle on a dealer lot may include a limited warranty or guarantee, and possibly a current safety and/or emission inspection (where applicable).

**Note:** Vehicles with low mileage that are in exceptionally good condition can be worth a significantly higher value than the Average Retail price shown.

© Copyright 2016 National Appraisal Guides, Inc., all rights reserved. National Appraisal Guides, Inc. is a strategic ally of J.D. Power and Associates © J.D. Power and Associates 2016, all rights reserved